Argued June 4, affirmed August 19, 1970

CHRISTENSEN, *Respondent, v.*
McATEE ET AL, *Appellants.*
473 P2d 659

*Quentin D. Steele*, Klamath Falls, argued the cause
and filed a brief for appellants.

*Robert D. Boivin*, Klamath Falls, argued the cause for respondent. With him on the brief were Boivin, Boivin & Kosta, Klamath Falls.

DENECKE, J.

The plaintiff secured a judgment on a promissory note executed by the defendants, and the defendant Paul McAtee appeals. The note was secured by a mortgage executed by the defendant McAtee Builders, Inc., on real property owned by McAtee Builders, Inc. Paul McAtee's defense was that he was discharged from his obligation because plaintiff, without Paul McAtee's consent, released the mortgage given by McAtee Builders.

Section 73.6060 (1)(b) of the Uniform Commercial Code provides:

"(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder:

"\* \* \* \* \*

"(b) Unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse."

■ The trial court in its written opinion correctly stated:

"[I]t was the rule of the negotiable instruments law prior to the adoption of the Uniform Commercial Code, and it is the rule of the Uniform Commercial Code that the so called suretyship defense, which is the essence of the defense in this case, is not an absolute discharge of the note, but merely operates as a discharge pro tanto according to the value of the lost security. Note the language

of ORS 73.6060, 'The holder discharges any party to the instrument *to the extent that* \* \* \*.' "

The trial court found:

"The Court finds that the defendant has failed to prove the value of the security released and that hence the Court has no way of measuring the extent of the defendant's loss, if any, even if the Court should find that the defendant is a party who had a right to recourse against the co-defendant."

■ No direct evidence of value was introduced. Plaintiff urges that generally the value of property mortgaged exceeds the amount of the debt. Assuming this to be true, it does not create such an overwhelming inference that we must conclude error in the trial court's finding of no satisfactory evidence of value of the security released.

Affirmed.